UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL SANTO,
    Plaintiff,

                                                              Case No. 15-12896
                v.                                     HON. TERRENCE G. BERG

UNITED STATES OF AMERICA, et al.,
    Defendants.
_____/

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (DKT. 13)

Before the Court is Defendants' motion to dismiss Plaintiff's claim that the government must intervene on his behalf in a land condemnation action in state court. Defendants filed their motion to dismiss on November 6, 2015. (Dkt. 13). Following full briefing, the Court took the motion under advisement without oral argument. For the reasons explained below, Defendants' motion to dismiss is **GRANTED**.

### I. FACTUAL AND PROCEDURAL HISTORY

On August 14, 2015, Plaintiff Paul Santo filed a purported class-action suit against Defendants, including the United States of America, Loretta E. Lynch, Attorney General of the United States, Vanita Gupta, acting Assistant Attorney General for the Civil Rights Division of the Department of Justice, and Barbara L. McQuade, United States Attorney for the Eastern District of Michigan. (Dkt. 13, p.1). Plaintiff alleges that he is being denied ownership of real property in state court without compensation in violation of his constitutional rights, including his

rights under Article I, § 10, as well as the Fourth, Fifth, Seventh and Fourteenth Amendments. (Dkt. 1, p. 2). Plaintiff claims that he has suffered $30,000 in damages as a result of the unconstitutional land condemnation action in state court. (*Id.* at p. 2). He seeks the appointment of an attorney to represent him, monetary damages, and an order requiring the federal government, particularly the individual defendants, to intervene and enforce his federal constitutional and civil rights in the state court action. (*Id.* at p. 3)

In their motion to dismiss, Defendants contend that Plaintiff has failed to establish subject matter jurisdiction and to state a claim because he did not identify or describe the property, the purported class, or the acts that resulted in the denial of ownership or condemnation. (Dkt. 13). In his response, Plaintiff identified two properties, located at 2484 Woodmere St., Detroit, Michigan and 1240 Beard St., Detroit, Michigan. (Dkt. 14, p. 5). Plaintiff contends that his lawsuit is a class action because he is representing a class of 34 other defendants who are being evicted and removed from their property. (Dkt. 14, p. 26). Plaintiff states that although he is not currently being denied ownership of real property, he is the defendant in a state court condemnation action involving the municipal and state government. (*Id.*) He offers the court action issued by the Wayne County Clerk's Office to demonstrate that he possesses the factual basis for a claim for the federal government to intervene on his behalf.[1]

---

[1] Plaintiff did not include any records from the state action in any of the pleadings on the docket.

2

## II. ANALYSIS

### A. Standard of Review

#### 1. Lack of Subject Matter Jurisdiction

The plaintiff has the burden of proof to demonstrate that the court has jurisdiction. *Moir v. Greater Cleveland Regional Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). Granting a Fed. R. Civ. P. 12(b)(1) motion means the case is dismissed due to lack of subject matter jurisdiction. Subject matter jurisdiction may be challenged via facial attacks or factual attacks. *Ohio Nat. Life Ins. Co. v. United States*, 922 F.3d 320, 325 (6th Cir. 1990). A facial attack questions the sufficiency of the pleading, and the district court is required to view the allegations in the complaint as true. *Id.* A factual challenge, on the other hand, is a "challenge to the factual existence of subject matter jurisdiction." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). With a factual attack, there is no presumption that the allegations are true. *Ohio Nat.,* 922 F.3d at 325. Here, Defendants are bringing a facial challenge because they are challenging the sufficiency of Plaintiff's complaint.

#### 2. Failure to State a Claim upon which Relief can be Granted

A Rule 12(b)(6) motion tests whether a legally sufficient claim has been pleaded in a complaint, and provides for dismissal when a plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal,* 556

3

U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). A claim is facially plausible when a plaintiff pleads factual content that permits a court to reasonably infer that the defendant is liable for the alleged misconduct. *Id.* (citing *Twombly,* 550 U.S. at 556). When assessing whether a plaintiff has set forth a "plausible" claim, the district court must accept all of the complaint's factual allegations as true. *See Ziegler v. IBP Hog Mkt., Inc.,* 249 F.3d 509, 512 (6th Cir. 2001). A plaintiff must provide "more than labels and conclusions," or "a formulaic recitation of the elements of a cause of action." *Twombly,* 550 U.S. at 556. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678.

## B. Discussion

### 1. Lack of Subject Matter Jurisdiction

In the Complaint, Plaintiff does not identify a waiver of sovereign immunity, which is required in a suit against the United States alleging monetary damages. "Under the doctrine of sovereign immunity, the United States is immune from suit unless it consents to be sued . . . . The government has waived its immunity with respect to non-monetary claims." *United States v. City of Detroit,* 329 F.3d 515, 520 (6th Cir. 2003). The Administrative Procedure Act ("APA") provides that:

> An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party.

4

5 U.S.C. § 702.  Plaintiff seeks monetary damages of $30,000.  The United States, however, has not waived immunity to suits involving monetary damages.  *Id.* Accordingly, no subject matter jurisdiction exists over Plaintiff's claim against the United States.

The Court also lacks subject matter jurisdiction over Plaintiff's claim against the individually named Defendants.  The Court has no authority to order the individual Defendants to intervene in Plaintiff's state court dispute.  Defendants are not parties to the case, nor have they played a role in it.  *See O'Grady v. Carlson*, No. 12-CV-388-BBC, 2012 WL 5828777, at *2 (W.D. Wis. Nov. 16, 2012) ("[P]laintiff has no right under the Constitution, clearly established or otherwise, to force federal executive branch employees to intervene on his behalf when he believes that a state court has applied the law incorrectly . . . . A litigant's remedy in that instance is to file an appeal.  Defendants' interference in state court proceedings would be a violation of principles of federalism as well as the separation of powers.").

### 2. Failure to State a Claim upon Which Relief can be Granted[2]

And even if the Court were to have subject matter jurisdiction over this action, the Complaint fails to state a claim upon which relief can be granted because the complaint is vague and the claim frivolous.  Although Plaintiff identifies the location of the property, Plaintiff makes no factual allegations that would allow the

---

[2] The Court also notes that the Complaint fails to meet the prerequisites for a class action claim under Rule 23 of the Fed. R. Civ. Proc.  Because the Complaint fails to state a claim, there is no need to analyze its shortcomings as a class action.

Defendants to know what wrongful acts they have committed. In fact, Plaintiff admits that Defendants were not involved in the attempt to deprive him of his property, and are not otherwise involved in any way in the state court case.[3] (Dkt. 14, p.42). Rather, Plaintiff states that he has named the Defendants because they are attorneys representing the United States of America, and Plaintiff is seeking Defendants' intervention on his behalf to protect his civil and constitutional rights in state court. (*Id.*) Finally, the Court also denies Plaintiff's request for appointed counsel to represent him in this matter. Plaintiff has no right to a government-appointed attorney to pursue his private civil lawsuit. *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993) (quoting *Mekdeci v. Merrell Nat'l Labs.*, 711 F.2d 1510 (11th Cir. 1983)) ("Appointment of counsel in a civil case is not a constitutional right.").

//
//
//
//
//
//

---

[3] In addition, Plaintiff fails to state a *Bivens* claim against the individual Defendants because he has not plead facts with particularity that detail how each Defendant violated his constitutional rights. *See Marcilis v. Twp. of Redford*, 693 F.3d 589, 596 (6th Cir. 2012) (holding that district court "did not err in dismissing the claims . . . for failing to 'allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right.'") (internal citation omitted).

## III. CONCLUSION

For the reasons explained above, Defendants' motion to dismiss is **GRANTED** for lack subject of matter jurisdiction and for failure to state a claim upon which relief can be granted. From reviewing the nature of the claims, it is clear than any amendment would be futile. The Complaint is therefore **DISMISSED** with prejudice.

**SO ORDERED.**


Dated:  July 29, 2016                           s/Terrence G. Berg_____
                                                TERRENCE G. BERG
                                                UNITED STATES DISTRICT JUDGE


### Certificate of Service

I hereby certify that this Order was electronically submitted on July 29, 2016, using the CM/ECF system, which will send notification to all parties.

                                                s/A. Chubb_____
                                                Case Manager